FILED '09 JAN 22 12:16USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRAD BELKNAP,                                    07-CV-1219-PK

                    Plaintiff,          OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                    Defendant.


**TIM WILBORN**
P.O. Box 2768
Oregon City, OR  97045
(503) 632-1120

            Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**THOMAS M. ELSBERRY**
Social Security Administration
701 Fifth Avenue, Suite 2900
M/S 901
Seattle, WA 98104
(206) 615-2730

            Attorneys for Defendant

**BROWN, Judge.**

   Magistrate Judge Paul Papak issued Findings and Recommen-
dation (#20) on September 25, 2008, in which he recommends the
Court reverse the decision of the Commissioner and remand for the
immediate calculation and award of benefits.  Defendant filed
timely objections to the Findings and Recommendation.  The matter
is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and
Federal Rule of Civil Procedure 72(b).

   When any party objects to any portion of the Magistrate
Judge's Findings and Recommendation, the district court must make
a *de novo* determination of that portion of the Magistrate Judge's
report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-
Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United
States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

   Defendant objects to the Magistrate Judge's findings that
the Administrative Law Judge (ALJ) erred when he (1) rejected
Plaintiff's testimony; (2) rejected the opinion of Alan C. Bates,
D.O., Plaintiff's treating physician; and (3) rejected the

2 - OPINION AND ORDER

testimony of Linda Spangler, a licensed social worker.

## I.   Rejection of Plaintiff's testimony.

At the hearing before the ALJ on July 17, 2006, Plaintiff testified he is unable to sit or to stand for more than 10 or 15 minutes at a time, he can lift only 15 to 20 pounds, it is difficult for him to bend or to turn at the hip, he has debilitating migraine headaches at least twice a month, he has difficulty remembering things and following directions, and he has trouble with authority figures.  As noted, the ALJ rejected this testimony, and the Magistrate Judge concluded that was error.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,

3 - OPINION AND ORDER

750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the
claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff had "limited credibility" because he
did not complain to his doctors about dexterity problems, he
spent three years building a portion of his house after his
alleged onset date, he took a long bus trip, he went to Louisiana
to help after Hurricane Katrina, and he hunted and gardened.  The
ALJ also noted "the claimant reports severe limitations but lacks
objective evidence to support a cause of his limitations.  His
basic MRI is very mild and his claim of PTSD trauma have [*sic*]
not been consistent or verified."  Tr. 40.

The Magistrate Judge, in contrast to the ALJ, concluded the
lack of objective evidence to support Plaintiff's testimony
regarding his Post Traumatic Stress Disorder (PTSD) was an
insufficient basis for finding Plaintiff's testimony not credible
because PTSD is a condition diagnosed primarily from a patient's
self-reporting.  In addition, the Magistrate Judge noted even
though Plaintiff worked on building a house after his onset date,
it took ten years to build the 600-square-foot house.  The
Magistrate Judge concluded the ALJ did not properly "identify
what . . . evidence undermines the claimant's complaints" and,

therefore, the ALJ erred when he gave limited weight to Plaintiff's testimony.

The Ninth Circuit has held when evidence in a Social Security matter is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation of the evidence and the Commissioner's conclusion. *Tommasettie v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Even though the ALJ here did not provide sufficient reasons supported by the record for rejecting Plaintiff's PTSD symptom testimony, the ALJ provided a rational interpretation of the evidence for giving limited credibility to Plaintiff's other symptom testimony: Plaintiff worked on building his own home for at least three years after his alleged onset date, took a long bus trip, went to Louisiana to assist after Hurricane Katrina, hunted, and gardened. The Court, therefore, concludes on this record that the Commissioner provided clear and convincing reasons based on substantial evidence on the record for finding Plaintiff's testimony to be of limited credibility. Accordingly, the Court must uphold the Commissioner's conclusion that Plaintiff's testimony is of limited credibility.

After reviewing the record *de novo*, the Court declines for these reasons to adopt the Magistrate Judge's Findings and Recommendation as to the issue of Plaintiff's credibility.

5 - OPINION AND ORDER

## II.   The Magistrate Judge's review of the ALJ's finding at Step Two.

The ALJ found the record did not support a finding of PTSD as a severe impairment at Step Two.  The Magistrate Judge "did not disturb the ALJ's step two finding" and did not address the validity of the ALJ's finding that Plaintiff's PTSD was not a severe impairment.  Instead the Magistrate Judge noted 20 C.F.R. § 404.1520(c) requires only that a claimant must "have a severe impairment" at Step Two.  (Emphasis added.)  In any event, the Magistrate Judge concluded the ALJ properly found Plaintiff had more than one severe impairment (depression and degenerative disc disease) and, therefore, did not err at Step Two.

After reviewing the record *de novo,* including Defendant's Objections, the Court adopts the Magistrate Judge's Findings and Recommendation that the ALJ did not err at Step Two.

## III. Rejection of Dr. Bates's opinion by the ALJ.

Defendant argues the Magistrate Judge erred when he found the ALJ did not provide clear and convincing reasons for rejecting the Dr. Bates's opinion that Plaintiff suffered from PTSD because the Magistrate Judge applied the wrong standard.  Defendant also argues the Magistrate Judge erred when he concluded the ALJ improperly rejected Dr. Bates's opinion that Plaintiff could not do any lifting, stooping, or bending.

**A.    Standard for rejecting Dr. Bates's opinion.**

Defendant asserts the Magistrate Judge erred when he concluded the ALJ was required to give clear and convincing reasons for rejecting Dr. Bates's opinion. According to Defendant, the ALJ was only required to give specific and legitimate reasons.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Id. See also Lester*, 81 F.3d at 830-32.

The Magistrate Judge found Dr. Bates's opinion that Plaintiff was disabled from PTSD was not contradicted by the opinions of other treating or examining physicians, and, therefore, the Magistrate Judge concluded the ALJ was required to provide clear and convincing reasons for rejecting Dr. Bates's opinion.

In August 2004, Dr. Bates opined Plaintiff's PTSD would cause him to "miss work" at least every two weeks. In February

7 - OPINION AND ORDER

2004, however, Richard Turner, M.D., declined to diagnose Plaintiff with PTSD and assigned Plaintiff a GAF of 75,[1] which indicates "if symptoms are present, they are transient and expected reactions to psychosocial stressors." *See DSM-IV* 32. Dr. Turner also declined to diagnose Plaintiff with PTSD in evaluations performed in September 2004, December 2004, and July 2005.

The Magistrate Judge concluded Dr. Bates's opinion was consistent with the opinion or Dr. Turner. In September 2004, Dr. Turner assigned Plaintiff a GAF of 65, which indicates mild symptoms or some impairment of social or occupational functioning. *DSM-IV* 32. Based on the description of a GAF score of 65, the Magistrate Judge found it is likely that Plaintiff "would have some difficulty with occupational functioning." Dr. Turner's treatment notes, however, do not indicate Plaintiff had "some difficulty" with occupational functioning. In addition, "some" difficulty with occupational functioning is only one possible symptom that could lead a doctor to assign a GAF of 65 and does not necessarily establish disability.

On this record, the Court concludes Dr. Bates's opinion that Plaintiff was disabled by PTSD is contradicted by

---

[1] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994)(*DSM-IV*) at 30-32.

Dr. Turner's opinion that if Plaintiff had PTSD, it was not to a disabling degree.  The ALJ, therefore, was not required to provide clear and convincing reasons for rejecting Dr. Bates's opinion but instead was required to provide specific and legitimate reasons.

Accordingly, the Court declines to adopt the Magistrate Judge's Findings and Recommendation as to the standard by which the Court must review the ALJ's rejection of Dr. Bates's opinion.

**B.    The ALJ provided specific and legitimate reasons for rejecting Dr. Bates's opinion.**

The ALJ noted

> Dr. Bates felt claimant was unable to work primarily due to PTSD, even though none of his treatment notes give support for a PTSD diagnosis. He felt claimant was "a very anxious individual who has flares at times that would make him incapable of holding a job on any meaningful basis," but he did not describe the nature of claimant's symptoms.  He felt claimant would miss work at least every two weeks, again no reason for this is disclosed.  He felt claimant's severe lumbar pain with degenerative changes throughout the lumbar spine did not alone disable claimant, but did disable him in combination with PTSD.  The undersigned notes that Dr. Bates is not a mental health specialist.  His opinion regarding PTSD is given no weight as it has never been diagnosed other than by claimant's self reports.  The claimant's treating psychiatrist's [*sic*] Dr. Turner, records show a GAF of 65 indicating some mild symptoms by [*sic*] generally functioning pretty well, which is contrary to disability related to mental health issues.  Dr. Bates' admission that claimant's disc disease would not be disabling on its own, in conjunction with the lack of mentallimitations, results in no weight being given to this opinion.

Tr. 36.    The Magistrate Judge concluded these reasons were not
sufficiently clear and convincing to form a proper basis for the
ALJ to reject Dr. Bates's opinion as to Plaintiff's limitations.
The Magistrate Judge noted Linda Spangler, a licensed social
worker, opined Plaintiff had received a rule-out diagnosis of
PTSD in June 2003 after Plaintiff was referred to her for
evaluation by Thomas R. Kearney, M.D.    The Magistrate Judge also
concluded Dr. Bates's opinion as to Plaintiff's limitations other
than PTSD was supported by Dr. Bates's chart notes, which showed
degenerative changes in Plaintiff's spine, decreased grip
strength, and muscle spasms.    As the ALJ pointed out, however,
Dr. Bates opined Plaintiff is disabled if the degenerative
changes throughout his lumbar spine are combined with PTSD.    In
addition, three of the four chart notes regarding Plaintiff's
degenerative symptoms that are referenced by the Magistrate Judge
address Plaintiff's condition before his alleged onset date and
were made while Plaintiff was still working.    According to
Defendant, therefore, Dr. Bates's opinion that Plaintiff would
miss work every two weeks is inconsistent with Plaintiff's
undisputed ability to work before his onset date.

On this record, the Court concludes the ALJ did not err
when he rejected the opinion of Dr. Bates as to Plaintiff's
limitations because he provided the requisite specific and
legitimate reasons for doing so; *i.e.,* the ALJ pointed out that

Dr. Bates's opinion was contradicted by Plaintiff's treating psychiatrist, Dr. Turner; it was based primarily on Plaintiff's subjective complaints, which the ALJ found not to be entirely credible; and it was contrary to the fact that Plaintiff was able to work before his onset date.

Accordingly, the Court declines to adopt the Magistrate Judge's Findings and Recommendation that the ALJ erred when he rejected Dr. Bates's opinion because the ALJ provided specific and legitimate reasons for doing so.

**IV.   The ALJ's rejection of Ms. Spangler's testimony.**

Defendant also contends the Magistrate Judge erred when he concluded the ALJ did not provide sufficient reasons for rejecting the testimony of Linda Spangler.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" supported by "substantial evidence" in the record. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Spangler counseled Plaintiff from 2003 through 2006.  In September 2004, Spangler completed a Medical Source Statement Concerning the Nature and Severity of an Individual's Mental Impairment in which she opined Plaintiff was markedly impaired in three areas of mental-health functioning and moderately impaired

11 - OPINION AND ORDER

in six areas of mental-health functioning.  In October 2005, Spangler noted Plaintiff's mental-health issues had "impacted his ability to perform activities of daily living."  In June 2006, Spangler opined Plaintiff is not able to sustain employment.

The ALJ rejected Spangler's 2004 medical-source statement on the grounds that Spangler "is not an acceptable medical source.[2] She did not provide any information as to how claimant showed these limitations and it is contrary to her records and Dr. Turner's evaluation."  Tr. 36.  The ALJ rejected Spangler's 2005 opinion on the ground that it "appears contrary to her treatment notes, which show [Plaintiff] was improved and was even able to do woodwork for money and contrary to the record as a whole."  Tr. 38.  The ALJ also rejected Spangler's 2006 opinion on the grounds that the "record does not support that claimant has PTSD.  Ms. Spangler is not an acceptable medical source, and her statements are not consistent with the record as a whole. She, at best, has made statements reflecting the claimant's less than credible self repots [*sic*]."  Tr. 38.

The Magistrate Judge, however, found Spangler's notes "are consistent with a fair reading of the entire record . . . and reflect the exacerbating and remitting nature of chronic

---

[2] The Social Security Regulations differentiate between opinions from "acceptable medical sources" and "other sources." *See* 20 C.F.R. §§ 404.1513(a),(e); 416.913(a),(e).  Social workers are designated as "other sources."  *Id.*

depression."   The Magistrate Judge also found the ALJ failed "to identify valid reasons to accord Ms. Spangler's opinion no weight."

On this record, the Court concludes the ALJ provided germane reasons supported by substantial evidence in the record for rejecting Spangler's opinions.  In particular, the ALJ noted Spangler's opinions are contradicted by the opinions of Plaintiff's treating psychiatrist, Dr. Turner, and contrary to Spangler's own treatment notes.

In summary, this Court has reviewed the record *de novo,* including Defendant's Objections, and concludes the determinations of the ALJ with respect to Plaintiff's functional limitations are supported by substantial medical evidence in the record.  In addition, the Court concludes the ALJ provided legally sufficient reasons for finding that the testimony of Plaintiff and the lay witness Spangler is not credible and for rejecting the opinions of Dr. Bates, one of Plaintiff's treating physicians.

## CONCLUSION

The Court adopts Magistrate Judge Papak's Findings and Recommendation (#20) as to the Magistrate Judge's finding that the ALJ did not err at Step Two.  The Court, however, declines to adopt the remainder of the Findings and Recommendation.

13 - OPINION AND ORDER

Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 21st day of January, 2009.


ANNA J. BROWN
United States District Judge